2010 JAN 20 PM 3:16

U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF: | No CV-07-80193 MISC VRW |
| Keith Germain Jordan, | ORDER |
| State Bar No 171267 | |

The court having been informed of the following:

1. On June 28, 2007 Keith Germain Jordan was suspended from practice by the California State Bar for a period of nine months;

2. On October 5, 2007, after Mr Jordan did not respond to an Order to Show Cause (C07-80193 VRW), the undersigned ordered Mr Jordan's removal from the roll of attorneys authorized to practice before this court;

3. On March 19, 2008, while still under State Bar suspension and no longer authorized to practice before this court, Mr Jordan filed an action in this court, <u>Davis v Santa Clara County</u>, C08-01512 RMW. On August 28, 2009 the court granted summary judgment against Davis and denied a motion to reopen discovery on the basis that Mr Jordan had conducted no discovery during the authorized discovery period and only sought an extension of the expired discovery period the day before the hearing on the motion for summary judgment;

4.  On May 23, 2008 Mr Jordan's State Bar suspension was lifted, but Mr Jordan did not petition for reinstatement to practice before this court in accord with Civ LR 11-7(b)(4);

                5.  On October 28, 2008, not having been reinstated to practice before this court, Mr Jordan filed <u>Musumeci v Santa Clara County</u>, C08-04924 RMW and <u>Chaboya v Santa Clara County</u>, C08-04922 RS.  The <u>Chaboya</u> action is now closed, but <u>Musumeci</u> is still pending;

                6.  On May 12, 2009, still without having sought or obtained reinstatement before this court, Mr Jordan filed <u>Miller v San Jose State</u>, C09-02078 HRL.  This case is still pending;

                7.  On September 22, 2009, the undersigned issued an order requiring Mr Jordan to show cause why he should not be sanctioned under Civil LR 11-8 for having filed and maintained actions as an attorney while not authorized to practice law before this court.  Mr Jordan did not respond to the order to show cause.

                8.  Because, through clerical error, the September 22 order may have been mailed to an incorrect address, on November 16, 2009, the court issued another order directing Mr Jordan to show cause in writing why he should not be sanctioned for unauthorized practice before this court; the order to show cause required a response on or before December 7, 2009.  Mr Jordan filed no response.

        The clerk is ordered to file this order and serve Mr Jordan and counsel for all other parties in each of the pending cases Mr Jordan filed after he was no longer authorized to practice law in this court and which remain pending on this date: <u>Musumeci v</u>

2

Santa Clara County C08-04924 RMW and Miller v San Jose State C09-02078 HRL.

Mr Jordan is also ordered to serve a copy of this order on all clients whom he is representing in any action in this or any other court and in the actions mentioned in the preceding paragraph to file a certificate of such service on or before February 1, 2010.

The clerk is further directed to send a copy of this order to the State Bar of California.

Now, therefore, Mr Jordan is directed to appear in person before the undersigned on February 25, 2010, at 10:00 am, Courtroom 6, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, and show cause, if any, why he should not be held in contempt under Civ LR 11-8 for having filed and maintained actions in this court when he is not authorized to practice before it.

IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge